**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**FESLER–WINKLER ENTERPRISES, INC., et. al., Respondent.**

**No. ED 84918.**

Missouri Court of Appeals, Eastern District, Division Three.

April 12, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 2005.

Application for Transfer Denied Aug. 30, 2005.

Robert J. Wulff, Robert F. Mueller, St. Louis, MO, for appellant.

Mark A. Panzeri, St. Louis, MO, for Respondent Fesler–Winkler.

Maurice B. Graham, St. Louis, MO, for Respondent Pogue.

Before: CLIFFORD H. AHRENS, P.J., GLENN A. NORTON, J., and NANNETTE A. BAKER, J.

### ORDER

PER CURIAM.

American Family Mutual Insurance Company ("American Family") appeals from a judgment in a declaratory judgment action in the Circuit Court of the City of St. Louis. American Family sought a declaration that no insurance coverage existed for Fesler–Winkler Enterprises, Inc. ("Fesler–Winkler") for a lawsuit filed against it by Brian and Christine Pogue ("Pogues"). All parties submitted Motions for Summary Judgment and the trial court found that the policy excludes coverage for punitive damages and certain claims of property damage. The court also found that the policy did provide coverage for all remaining claims in the underlying suit.

On appeal, American Family claims that the court erred in finding that the policy provides coverage to Fesler–Winkler for the Pogues' claims against Fesler–Winkler in the underlying suit because: (1) the "Products—Completed Operations Hazard" ("Completed Operations") exclusion precludes coverage for work Fesler–Winkler did at the Pogues' home and this exclusion is valid and enforceable under Missouri law; (2) the policy provides coverage for injuries caused by an "occurrence" but the allegations made by the Pogues do not fall under the definition of "occurrence" as it is set out in the policy; (3) the date of loss occurred after the expiration of the policy; (4) coverage for medical payments is precluded by the completed operations exclusion; (5) the policy excludes from coverage damages arising from expected or intentional acts and the Pogues allege that the acts causing their injuries were intentional; (6) the policy excludes coverage arising because of a breach of contract and the Pogues allege that Fesler–Winkler breached their contractual duties and a breach of contract is not an "occurrence" within the meaning of a commercial general liability policy. This court finds no error and affirms.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).